# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ANNIE MAE HARPER, ET AL, | § |
| | § |
| *Plaintiffs,* | § |
| | § CIVIL NO. 2:07 CV 380 CE |
| v. | § |
| | § |
| OPC/FLOOR BLAZER, ET AL, | § |
| | § |
| *Defendants.* | § |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Dura Wax Company Inc.'s ("Dura Wax") Motions to Dismiss for Lack of Personal Jurisdiction (Dkt. Nos. 42 and 55). After reviewing the parties' briefs and applicable case law, the Court **DENIES** the motion for the reasons set forth below.

**I. Introduction**

This case arises from carbon monoxide exposure that allegedly caused the death of the decedent Archie Ray Harper ("Harper"). The incident occurred when Harper was using an allegedly defective floor buffer on January 20, 2007, at a retail facility in Longview, Texas. It is undisputed that Dura Wax sold the buffer in question to the Harper's employer, Service Master Professional Building Maintenance, on or about October 23, 1992. Dura Wax is an Illinois corporation that distributes janitorial equipment and supplies. Dura Wax's principal place of business is in McHenry, Illinois. Defendant OPC/Floor Blazer ("OPC") is an Oregon corporation that assembled and sold propane buffers, including the one at issue, during the relevant time period. Dura Wax acted as an intermediary between OPC and its customers by receiving orders and then forwarding the orders for fulfillment to OPC. OPC alleges that the contract between it and Dura Wax required Dura Wax to deal directly with the customers and be responsible for forwarding all communications regarding the

floor buffers to the customers. OPC claims Dura Wax failed to forward notification of a safety switch that would have prevented the injuries to Harper. Plaintiffs bring this suit alleging, *inter alia*, negligence, strict products liability, and breach of contract.

## II. Relevant Law

Rule 4 of the Federal Rules of Civil Procedure allows a plaintiff to rely on the long arm statute of the state in which the federal district court sits to obtain statutory authorization for the exercise of personal jurisdiction. Fed. R. Civ. P. 4(e). "Under the Texas long-arm statute, a court has personal jurisdiction over a foreign defendant to the fullest extent allowed by the federal constitution." *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 213 (5th Cir.2000).

Determining whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the United States Constitution involves a two-pronged test. First, the Court must conclude that the defendant has "minimum contacts" with the forum. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Second, the Court must conclude that requiring a defendant to litigate in the forum does not offend "traditional notions of fair play and substantial justice." *Id.*

A defendant's contacts with the forum may allow either specific or general jurisdiction over the defendant. *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 336 (5th Cir.1999). "Specific jurisdiction exists when the nonresident defendant has 'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). General jurisdiction exists when the defendant's contacts are unrelated to the cause of action but are "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9 (1984).

"When a nonresident presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985). It is well established that when the court rules on a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff satisfies his burden by presenting a *prima facie* case of jurisdiction. *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 326 (5th Cir.1996). Further, the court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir.1999).

**III. Analysis**

Dura Wax argues that this court does not enjoy either specific or general jurisdiction over it. Because the court finds that specific jurisdiction exists, it does not reach whether general jurisdiction also exists.

Dura Wax argues that none of the plaintiffs' causes of action arises from or relates to any specific contact that Dura Wax had with Texas. Dura Wax contends that "merely contracting with a resident of the forum state is insufficient to subject the non-resident to the forum's jurisdiction." *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 778 (5th Cir. 1986). Dura Wax fails to realize, however, that the *Holt* Court found the contract insufficient because its significance was "diminished by the contract provision specifying that Oklahoma law would govern the agreement." *Id.*

Here, Dura Wax brokered the entire deal between OPC and Service Master for the allegedly defective floor buffer. That floor buffer was destined for Texas. When a nonresident defendant's

3

contact with the forum state stems from a product, sold or manufactured by the foreign defendant, which has caused harm in the forum state, the court has specific jurisdiction if it finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state. *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 298 (1980). Here, not only did Dura Wax facilitate the sale to Service Master, but it was also allegedly under a duty to forward any further communications about the product to the customers. This is sufficient to confer specific jurisdiction over Dura Wax. It is foreseeable, under these facts, that Dura Wax would be haled into court in Texas.

## III. Conclusion

Based on the evidence presented by both parties, the court finds that defendants have made a prima facie showing of jurisdictional facts. Dura Wax's Motion to Dismiss, therefore, is **DENIED**.

SIGNED this 26th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE